UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DINA HESS,

    Plaintiff,

v.                                Case No: 2:24-cv-514-JES-KCD

SUTTON SPECIALTY INSURANCE COMPANY,

    Defendant.

## OPINION AND ORDER

This matter comes before the Court on Sutton Specialty Insurance Company's (Defendant) Motion to Compel Arbitration and Stay Litigation (Doc. #8) filed on June 7, 2024. Dina Hess (Plaintiff) filed a Response in Opposition (Doc. #12) on June 14, 2024.[1] For the reasons set forth below, the motion is granted.

**I.**

This is an insurance dispute. Defendant issued an insurance policy to Plaintiff for her property. Hurricane Irma came and

---

[1] In his opposition memorandum, Plaintiff requests that the Court order the redaction and/or striking of certain filings. (See Doc. #12, p. 4.) No action will be taken on this request since "[t]he Federal Rules require that any 'application to the court for an order shall be by motion which . . . shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.'" Posner v. Essex Ins. Co., 178 F.3d 1209, 1222 (11th Cir. 1999) (quoting Fed. R. Civ. P. 7(b)). "Where a request . . . simply is imbedded within an opposition memorandum, the issue has not been raised properly." Id.

damaged the property. The parties disagree on the coverage amount. They also disagree on whether the policy requires coverage amount disputes be resolved via arbitration if arbitration is demanded, as Defendant has. Defendant says yes and Plaintiff says no.

**II.**

"If there is an arbitration agreement governing this dispute, it is governed by the Federal Arbitration Act (the 'FAA'), 9 U.S.C. §§ 1 et seq., which 'embodies a liberal federal policy favoring arbitration agreements.'" Bazemore v. Jefferson Cap. Sys., LLC, 827 F.3d 1325, 1329 (11th Cir. 2016)(quoting Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1367 (11th Cir. 2005)). The FAA has three main sections:

> 9 U.S.C. § 2—the "primary substantive provision" of the FAA—provides that arbitration agreements in contracts "involving commerce" are "valid, irrevocable, and enforceable." 9 U.S.C. § 3 directs courts to stay their proceedings in any case raising a dispute on an issue referable to arbitration. And 9 U.S.C. § 4 "authorizes a federal district court to issue an order compelling arbitration if there has been a 'failure, neglect, or refusal' to comply with [an] arbitration agreement."

Burch v. P.J. Cheese, Inc., 861 F.3d 1338, 1345 (11th Cir. 2017) (alteration in original)(citations omitted). "[T]he FAA creates a 'presumption of arbitrability' such that 'any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration'" but "the presumption does not apply to disputes concerning whether an agreement to arbitrate has been made." Bazemore, 827 F.3d at 1329 (citations omitted). Ultimately,

"arbitration is simply a matter of contract." First Options of Chi., Inc. v. Kaplan, 514 U.S. 938, 943 (1995). Thus, "[f]ederal law[, through the FAA,] establishes the enforceability of arbitration agreements, while state law governs the interpretation and formation of arbitration agreements." Employers Ins. of Wausau v. Bright Metal Specialties, Inc., 251 F.3d 1316, 1322 (11th Cir. 2001).

"Under both federal and Florida law, a party has a right to arbitrate where: (1) a valid, written agreement exists between the parties containing an arbitration clause; (2) an arbitrable issue exists; and (3) the right to arbitration has not been waived." Adams v. Lashify, Inc., No. 6:23-CV-243-PGB-DCI, 2023 WL 5573822, at *3 (M.D. Fla. Aug. 29, 2023)(citing Sims v. Clarendon Nat. Ins. Co., 336 F. Supp. 2d 1311, 1326 (S.D. Fla. 2004)). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." Green Tree Fin. Corp.- Alabama v. Randolph, 531 U.S. 79, 91 (2000). Overall, "[t]hese principles dictate that courts look for evidence that the parties 'objectively revealed an intent to submit the [dispute] to arbitration.'" Dasher v. RBC Bank (USA), 745 F.3d 1111, 1116 (11th Cir. 2014) (alteration in original)(quoting First Options, 514 U.S. at 944).

### III.

The policy here contains the following arbitration provision:

> If the Assured and Underwriters fail to agree in whole or in part regarding any aspect of this Policy, each party shall, within ten (10) days after the demand in writing by either party, appoint a competent and disinterested arbitrator and the two chosen shall before commencing the arbitration select a competent and disinterested umpire. The arbitrators together shall determine such matters in which the Assured and the Underwriters shall so fail to agree and shall make an award thereon, and if they fail to agree, they will submit their differences to the umpire and the award in writing of any two, duly verified, shall determine the same.
> The Parties to such arbitration shall pay the arbitrators respectively appointed by them and bear equally the expenses of the arbitration and the charges of the umpire.

(Doc. #8-1, p. 26.)[2] "[Plaintiff] opposes Defendant's arbitration demand because this lawsuit was timely commenced before the demand for arbitration was made, having satisfied all conditions precedent to filing this action, and [Plaintiff] has not waived her Seventh Amendment right to a jury trial." (Doc. #12, p. 3.) The Court concludes that neither argument prevents arbitration.

First, "[t]he Seventh Amendment does not confer the right to a trial, but only the right to have a jury hear the case *once it is determined that the litigation should proceed before a court.* If the claims are properly before an arbitral forum pursuant to an arbitration agreement, the jury trial right vanishes." Caley, 428 F.3d at 1371 (alterations in original)(quoting American Heritage

---

[2] Defendant labeled this exhibit as "Exhibit A". However, the exhibit appears on the Court's CM/ECF system as Exhibit 1. The Court cites each exhibit by the numerical number assigned to it by the Court's CM/ECF system.

Life Ins. Co. v. Orr, 294 F.3d 702, 711 (5th Cir. 2002)). "Thus, where a party enters into a valid agreement to arbitrate, the party is not entitled to a jury trial or to a judicial forum for covered disputes." Id. at 1372.

Plaintiff's argument to the contrary is therefore misplaced. To prevent arbitration, he needed to carry his burden of establishing that this matter, despite the arbitration agreement, belongs in a judicial forum and not in an arbitral forum. Instead, he ignored that requirement and simply analyzed whether he knowingly and voluntarily waived his right to a jury.

Second, Plaintiff points to no authority supporting the proposition that satisfying all conditions precedent to filing a lawsuit and then actually filing a lawsuit blocks arbitration. Nor can he. The FAA explicitly authorizes any party to an arbitration agreement to "petition any United States district court which, save for such agreement, would have jurisdiction . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. That is precisely what Defendant does here, and Plaintiff fails to allege or establish an invalid agreement, a non-arbitrable issue, or that Defendant waived its right to arbitrate. The Court will enter an order granting arbitration and staying the lawsuit pursuant to § 3 of the FAA. See Klay v. All Defendants, 389 F.3d 1191, 1204 (11th Cir. 2004).

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Compel Arbitration and Stay Litigation (Doc. #8) is **GRANTED.**

2. The case is **STAYED** pending completion of arbitration. Beginning on October 1, 2024, and for every three months thereafter, the parties shall file a joint notice on the status of arbitration until arbitration is complete.

**DONE and ORDERED** at Fort Myers, Florida, this \_\_12th\_\_\_ day of July, 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record