UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DINA HESS,

       Plaintiff,

v.                       Case No:  2:24-cv-514-JES-DNF

SUTTON  SPECIALTY  INSURANCE
COMPANY,

       Defendant.

_____

## OPINION AND ORDER

This matter is before the Court on plaintiff's Motion for Entitlement to Attorney's Fees, Taxable Costs and Statutory Interest (Doc. #35) filed on November 26, 2025.  Defendant filed a Response in Opposition (Doc. #38) and plaintiff filed a Reply (Doc. #41) with leave of Court.  For the reasons set forth below, the Motion is denied except as to taxable costs pursuant to Fed. R. Cv. P. 54(d) and post-judgment interest.

### I.

Following Hurricane Ian, plaintiff Dina Hess (Hess or plaintiff) filed a claim for damages with defendant Sutton Specialty Insurance Company (Sutton or defendant).  On December 14, 2022, Sutton issued a letter partially denying coverage for flood damage. A long claims process followed, and on March 22, 2024, plaintiff filed a Notice of Intent to Initiate Litigation and served defendant.  Hess filed her Complaint in state court on

May 9, 2024, asserting one count of breach of the insurance policy by Sutton. (Doc. #4.) On May 31, 2024, defendant removed the case to federal court. (Doc. #1.) Sutton moved to compel arbitration on June 7, 2024, and an arbitration award was issued on September 10, 2025.

After arbitration was complete, plaintiff filed a Motion to Confirm the Arbitration Award and Seeking Judgment in her Favor Pursuant to the Arbitration Award (Doc. #22), which the Court granted. The Court directed the Clerk to enter judgment confirming the arbitration award in favor of plaintiff. (Doc. #32.) Judgment (Doc. #33) was entered pursuant to the award.

**II.**

A motion for attorney's fees and expenses *must* "specify the judgment and the statute, rule, or other ground entitling the movant to the award." Fed. R. Civ. P. 54(d)(2)(B)(ii). "Notably, several courts have found that because the Federal Arbitration Act does not authorize a district court to award attorney's fees to a party who successfully confirmed an arbitration award in federal court, an award of attorneys' is not warranted unless authorized by statute, the agreement providing for arbitration, or some other obligation." Shop Teks Equip. Specialists, Inc. v. NorAm, Inc., No. 1:12-CV-02378-CC, 2014 WL 12699274, at *3 (N.D. Ga. Oct. 27, 2014) (collecting cases). The arbitration award did not address

"any attorney fees, interest, and/or taxable costs."  (Doc. #32-1.)

Plaintiff claims entitlement to attorney's fees pursuant to Fla. Stat. § 626.9373, applicable to surplus line insurance carriers.  (Doc. # 35, pp. 13-16.)  The Policy at issue has an effective date of March 25, 2022, for a policy period through March 25, 2023.  As of the effective date, Fla. Stat. § 626.9373 stated:

> (1) Upon the rendition of a judgment or decree by any court of this state against a surplus lines insurer in favor of any named or omnibus insured … the trial court … shall adjudge or decree against the insurer in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the lawsuit for which recovery is awarded….[T]he amount of reasonable attorney fees shall be awarded only as provided in s. 57.105[1] or s. 627.70152[2], as applicable.
>
> (2)  If  awarded,  attorney's  fees  or compensation shall be included in the judgment or decree rendered in the case.

Fla. Stat. § 626.9373(1) (eff. until May 25, 2022).  The Florida legislature repealed Fla. Stat. § 626.9373, effective March 24,

---

[1] This statute provides for reasonable attorney's fees and prejudgment interest to a prevailing party if the Court finds that the losing party or counsel raised unsupported claims or defenses. Fla. Stat. § 57.105(1).

[2] This applies to suits arising under property insurance, including policies issued by a surplus lines insurer.  Effective until May 25, 2022, how reasonable attorney fees and costs are to be calculated and awarded was set forth if there was a presuit settlement offer.  Fla. Stat. § 627.70152(8) (eff. until May 25, 2022).

2023.  See 2023-15, §§ 10, 11, at 16, Laws of Fla; 2023 Florida House Bill No. 837, Florida One Hundred Twenty-Fifth Regular Session, 2023 Florida House Bill No. 837, Florida One Hundred Twenty-Fifth Regular Session.  Florida Law states that the repeal applies only to cases filed after it became effective and the "act shall take effect upon becoming a law," i.e. March 24, 2023.  See 2023-15, § 30, at 20, Laws of Fla. ("Except as otherwise expressly provided in this act, this act shall apply to causes of action filed after the effective date of this act."); 2023 Florida House Bill No. 837, Florida One Hundred Twenty-Fifth Regular Session, 2023 Florida House Bill No. 837, Florida One Hundred Twenty-Fifth Regular Session.

As previously noted, plaintiff filed her Complaint in state court on May 9, 2024, after the effective date of the repeal.  If the case had been filed before the date of repeal, plaintiff might have been "entitled to fees and costs under section 626.9373 despite the repeal."  Tony v. Evanston Ins. Co., No. 0:22-CV-62076, 2024 WL 4189699, at *2 (S.D. Fla. Aug. 20, 2024), report and recommendation adopted, No. 0:22-CV-62076-WPD/PAB, 2024 WL 4186091 (S.D. Fla. Sept. 13, 2024), aff'd sub nom. Sheriff of Broward Cnty. v. Evanston Ins. Co., 159 F.4th 792 (11th Cir. 2025).  See also LM Gen. Ins. Co. v. Blackwell, No. 8:22-CV-1750-CPT, 2024 WL 1283694, at *2 n.2 (M.D. Fla. Mar. 26, 2024) ("Although the Florida Legislature repealed 627.428 in March 2023, the repeal

delineates that it only applies to cases filed after the March 2023 effective date.").  Since Hess filed this case after the applicable statute was repealed, entitlement to fees under Fla. Stat. § 626.9373 is denied because no statutory basis exists for attorney fees.

### III.

Plaintiff seeks taxable costs under Florida Law, Fla. Stat. § 57.041.  Under this statute, "[t]he party recovering judgment shall recover all his or her legal costs and charges which shall be included in the judgment…."  Fla. Stat. § 57.041.  "Section 57.041 is not tied to any substantive Florida rights or remedies. Instead, it is the general cost-shifting statute, applicable to all cases in Florida -- whether brought under Florida law, federal law, or the law of any other state." Collazo v. Progessive Select Ins. Co., No. 20-CV-25302, 2022 WL 18144067, at *6 (S.D. Fla. Dec. 19, 2022), report and recommendation adopted sub nom. Collazo v. Progressive Select Ins. Co., No. 20-25302-CIV, 2023 WL 122614 (S.D. Fla. Jan. 6, 2023).

"Federal jurisdiction in this case is based on diversity of citizenship, and the forum state is Florida. As a federal court exercising diversity jurisdiction," the Court first determines whether the issue is procedural or substantive, and if procedural, federal law applies, and if substantive, the Court looks to the law of the forum state.  McMahan v. Toto, 256 F.3d 1120, 1131

(11th Cir. 2001), amended on reh'g, 311 F.3d 1077 (11th Cir. 2002) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)).  As the Florida statute is substantive, the Court looks at federal procedural law.

"Unless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1). "Because the Rule grants district courts discretion to award costs, a statute is contrary to the Rule if it limits that discretion." Marx v. Gen. Revenue Corp., 568 U.S. 371, 377 (2013).  "Both Rule 54(d) and Section 57.041 address what costs the court can award to a prevailing party. The reality that Section 57.041 would permit a litigant to obtain costs beyond those allowed by Rule 54(d) does not change this result."  Collazo, 2022 WL 18144067, at *5.  The Court will allow taxable costs under federal law to plaintiff as the prevailing party.  Plaintiff may file a proposed Bill of Costs to be taxed by the Clerk of Court

## IV.

"In diversity cases, the availability and amount of prejudgment interest is ordinarily governed by state law," AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc., 508 F.3d 995, 1001 (11th Cir. 2007), while post-judgment interest is determined by the federal statute, G.M. Brod & Co. v. U.S. Home Corp., 759 F.2d 1526, 1542 (11th Cir. 1985).

### A. Prejudgment Interest

Plaintiff seeks statutory interest pursuant to Fla. Stat. § 627.70131(7)(a) in lieu of prejudgment interest.[3]   Defendant denies that plaintiff is entitled to any form of interest and argues that the statute does not apply to arbitration awards. (Doc. #38, p. 23.)   The Court finds that plaintiff is not entitled to statutory interest under Fla. Stat. § 627.70131.

The one-count Complaint sought damages for breach of contract.   The claim was not denied but Hess disputed the amounts paid.   (Doc. #4.)   The Prayer of Relief included a request for pre-judgment interest pursuant to Fla. Stat. § 627.7013(5)(a).[4] Ultimately, the case was resolved through arbitration.   The insurance policy at issue has an effective date of March 25, 2022[5],

---

[3] "If there is a right to prejudgment interest, the insured must select whether to receive prejudgment interest or interest under this subsection."   Fla. Stat. § 627.70131(7)(a).

[4] Prior to an amendment in 2021, the "relevant interest provision" was located under 5(a) and is unchanged. Safont v. State Farm Florida Ins. Co., No. 23-11645, 2025 WL 212286, at *1 n.1 (11th Cir. Jan. 16, 2025).

[5] In 2022, Fla. Stat. § 627.70131 provided that "[a]ny payment of an initial or supplemental claim or portion of such claim made 90 days after the insurer receives notice of the claim, or made more than 15 days after there are no longer factors beyond the control of the insurer which reasonably prevented such payment, whichever is later, bears interest at the rate set forth in s. 55.03. Interest begins to accrue from the date the insurer receives notice of the claim."   Fla. Stat. § 627.70131(7)(a) (Eff. Jan. 1, 2022, to Dec. 31, 2022).

and suit was initiated in state court on May 9, 2024.[6]  As of January 1, 2022, Fla. Stat. § 627.70131 also applied to surplus lines insurers.  Fla. Stat. § 627.70131(8) (Eff. Jan. 1, 2022, to Dec. 31, 2022).

"[T]he Legislature intended for Florida Statute § 627.70131 to 'bind the insurer to its provisions in response to a Department of Insurance review or a bad faith claim.' [] Therefore, the statute applies when a claimant raises a bad faith claim against an insurer. [] In such situations (which are inapplicable here, because this is neither a bad faith claim nor a review by regulators), the insured may rely upon Florida Statute § 627.70131 to support its argument that the insurer failed to timely process its claim."  Berkower v. USAA Cas. Ins. Co., No. 15-23947-CIV, 2016 WL 4574919, at *4 (S.D. Fla. Sept. 1, 2016) (internal citations omitted).  The complaint requires a plaintiff to specifically support a claim of bad faith to trigger Florida Statute § 627.70131.  Newman v. Am. Home Assurance Co., Inc., No. 22-CV-20979-JB, 2024 WL 1209801, at *6 (S.D. Fla. Mar. 20, 2024),

---

[6] Effective March 1, 2023, the statute now states that "[a]ny payment of an initial or supplemental claim or portion of such claim made 60 days after the insurer receives notice of the claim, or made after the expiration of any additional timeframe provided to pay or deny a claim or a portion of a claim made pursuant to an order of the office finding factors beyond the control of the insurer, whichever is later, bears interest at the rate set forth in s. 55.03. Interest begins to accrue from the date the insurer receives notice of the claim."  Fla. Stat. § 627.70131(7)(a).

motion to certify appeal denied, No. 22-CV-20979, 2024 WL 1240612 (S.D. Fla. Mar. 22, 2024).

Both the 2022 and 2023 versions of Fla. Stat. § 627.70131(7)(a) contain the following bar at the end of the paragraph: "[F]ailure to comply with this subsection does not form the sole basis for a private cause of action."  This "private action bar" applies to a claim for interest if not based on a specific policy provision providing that interest will be paid pursuant to the contract because "statutory claims in breach-of-contract clothing are readily distinguishable from the true contractual claim."  Taylor v. State Farm Florida Ins. Co., 388 So. 3d 307, 311 & n.3 (Fla. 5th DCA 2024) ("Stated otherwise, there is nothing in section [7](a) that would prohibit parties from creating an express contractual right to the interest that the statute describes.").  See also Riley v. Heritage Prop. & Cas. Ins. Co., No. 23-11678, 2025 WL 574244, at *3 (11th Cir. Feb. 21, 2025) ("breach-of-contract via implied incorporation of Subsection [7](a)" theory lacks merit.")

Without a contractual basis for interest payments or a bad faith claim, the Court finds that plaintiff is not entitled to prejudgment interest.

## B. Post-judgment Interest

As previously noted, the arbitration award was issued on September 10, 2025.  (Doc. #25-1.)  On September 26, 2025, Sutton

notified plaintiff that it agreed to pay the supplemental net payments for a balance of $236,695.45.  (Doc. #25-2.)  Plaintiff moved to confirm the award on October 7, 2025, and the Court granted the request on November 12, 2025.  (Docs. #25, 32.) Judgment was issued on November 13, 2025.  "Interest shall be allowed on any money judgment in a civil case recovered in a district court."  28 U.S.C. § 1961(a).

The Eleventh Circuit has noted that Title 9, United States Code, Section 13, "provides that a judgment entered by a federal court confirming, modifying, or correcting an arbitration award 'shall have the same force and effect, in all respects, as, and be subject to all provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered.' Although a district court enforcing an arbitration award does not engage in a de novo review of the award, [] and it may reverse or modify the award only on specified grounds, 9 U.S.C. §§ 10-11, once the court enters its judgment, it has the same effect as any other judgment recovered following a civil trial. We therefore conclude that a district court judgment affirming an arbitration award is governed by statutory post-judgment interest rates."  Parsons & Whittemore Alabama Mach. & Servs. Corp. v. Yeargin Const. Co., 744 F.2d 1482, 1484 (11th Cir. 1984) (internal citation omitted).  The motion is

granted to the extent that any outstanding amount remains on the judgment to be paid.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion for Entitlement to Attorney's Fees, Taxable Costs and Statutory Interest (Doc. #35) is **GRANTED IN PART AND DENIED IN PART** as follows: (1) Attorney's Fees are denied; (2) Taxable costs are granted under Fed. R. Civ. P. 54(d); (3) pre-judgment statutory interest is denied; and (4) post-judgment statutory interest is granted.

**DONE** and **ORDERED** in Fort Myers, Florida on the ___6th___ day of February 2026.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties

- 11 -