UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DINA HESS,

      Plaintiff,

v.                                    Case No: 2:24-cv-00514-JES-DNF

SUTTON SPECIALTY INSURANCE
COMPANY,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Plaintiff Dina Hess's ("Hess") Motion for Reconsideration (Doc. #43) filed on March 5, 2025. Defendant Sutton Specialty Insurance Company ("Sutton") filed its Response in Opposition (Doc. #46) on March 27, 2026. For the reasons set forth below, Plaintiff's motion is granted in part, and the Court's prior Opinion and Order (Doc. #42) is vacated in part. Hess's Motion for Entitlement to Attorney's Fees, Taxable Costs and Statutory Interest (Doc. #35) is resolved as set forth below.

## I.

Hess requests reconsideration pursuant to Federal Rule of Civil Procedure 59(e), asking the Court to alter or amend its previous Opinion and Order (Doc. #42) denying entitlement to attorney's fees and statutory interest. Under Rule 59(e), "a court

may alter or amend a judgment if there is newly-discovered evidence or manifest errors of law or fact." Cent. Baptist Church of Albany, Ga., Inc. v. Church Mut. Ins. Co., 146 F.4th 1003, 1012–13 (11th Cir. 2025)(citation omitted). Such a motion cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (citation omitted).

## II.

### A. The Statute Repealing Hess's Right to Attorney's Fees Cannot Apply Retroactively

Hess filed a Motion for Entitlement to Attorney's Fees, Taxable Costs and Statutory Interest (Doc. #35) on November 26, 2025, asserting entitlement to attorney's fees pursuant to Florida Statutes section 626.9373, a Florida statute applicable to surplus line insurance carriers. (Doc. #35, pp. 13-16.) The Court's prior Opinion and Order (Doc. #42) noted that Hess's insurance Policy had an effective date of March 25, 2022, and a Policy Period through March 25, 2023. As of the effective date of the Policy, Florida Statutes section 626.9373 stated:

> (1) Upon the rendition of a judgment or decree by any court of this state against a surplus lines insurer in favor of any named or omnibus insured … the trial court … shall adjudge or decree against the insurer in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the

-2-

>           lawsuit for which recovery is awarded… .[T]he
>           amount of reasonable attorney fees shall be
>           awarded only as provided in s. 57.105 or s.
>           627.70152, as applicable.

Fla. Stat. § 626.9373(1). While both sides discussed the application of the statute to the facts of the case, neither side advised the Court that the statute had been repealed effective March 24, 2023.

The Court's Opinion and Order noted that the repeal only applied to cases *filed* after the repeal became effective, i.e., March 24, 2023. See 2023 Fla. Laws 20, § 30 ("Except as otherwise expressly provided in this act, this act shall apply to causes of action filed after the effective date of this act."). Since Hess had filed her Complaint in state court on May 9, 2024 - after the effective date of the repeal - the Court denied her entitlement to fees under Florida Statutes section 626.9373. (Doc. #42, pp. 5.)

Hess now argues the Court simply got it wrong, or in more legal terms, that the Court's prior denial of her motion for attorney fees was manifestly erroneous and contrary to law. Hess does not dispute that the Florida legislature stated that the repeal of entitlement to attorney fees "shall apply to causes of action filed after the effective date of this act," or that her case was filed after the effective date of the repeal. Hess argues, however, that binding Florida precedent prevents the

legislative repeal from being applied to her case.  None of the binding cases relied upon by Hess address the repeal of the attorney fee statute at issue in this case addressing surplus insurance carriers.  Nonetheless, based primarily upon Menendez v. Progressive Express Insurance Company, Inc., 35 So. 3d 873 (Fla. 2010), and cases cited therein, the Court is satisfied that Hess's position is correct.

As in Menendez, because the repeal statute was enacted after issuance of the Policy, the operative inquiry is whether the statute should apply retroactively.  Id. at 877.  Menendez applied a two-pronged test to resolve that issue: (1) the Court determines whether the Legislature intended for the statute to apply retroactively; and (2) if such an intent was clearly expressed, the Court determines whether retroactive application would violate any constitutional principles.  Id. (citing Metro. Dade Cnty. v. Chase Fed. Hous. Corp., 737 So.2d 494, 499 (Fla. 1999)).

Here, contrary to Hess's arguments, the Court concludes that the language of the Legislature establishes a clear intent to apply the statute retroactively.  The statute clearly applies to any cause of action filed after a given date rather than distinctions between when insurance contracts were entered.  See 2023 Fla. Laws 16, §§ 10-11.  Nonetheless, a court will reject retroactive application if, among other reasons, the statute impairs a vested

-4-

right.  State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So.2d 55, 61 (Fla. 1995).  The Court's central focus becomes whether retroactive application of the statute "attaches new legal consequences to events completed before its enactment."  Metro. Dade Cnty., 737 So.2d at 499 (citations omitted).

In analyzing whether new legal consequences attach, the Court looks to first whether the issue is substantive or procedural. See Menendez, 35 So. 3d at 877-79.  Where it is substantive, the Court looks to the statute in effect at the time the insurance contract was executed.  Id.  Where the amended statute alters that substantive right in existence at the time of the execution, the amended statute cannot have a retroactive effect.  Id. at 876, 879-80 (citations omitted); see Hassen v. State Farm Mut. Auto. Ins. Co., 674 So.2d 106, 108 (Fla. 1996).

The Florida Supreme Court previously held the statutory right to attorney's fees is a substantive, not procedural, right.  See Menendez, 35 So. 3d at 878 (citing Moser v. Barron Chase Sec., Inc., 783 So. 2d 231, 236 (Fla. 2001)).  This statutory right existed at the time the parties executed the insurance contract. By repealing the statute, the Florida Legislature created a new legal consequence to an already completed event — the execution of the insurance contract.  Since this new legal consequence impairs Hess's previously existing right to obtain attorney's fees, the

-5-

Court will utilize Florida Statutes section 626.9373(1) as if it was not repealed.

**B.   Hess Is Entitled to Attorney's Fees**

Hess asserts she is entitled to an award of attorney fees pursuant to Florida Statutes section 626.9373(1) because she satisfies all the express statutory conditions.  Sutton's Response in Opposition (Doc. #38) argues Hess is not entitled to attorney's fees under the statute because she does not satisfy all the express statutory conditions and does not satisfy an additional condition created by Florida courts.  The Court did not reach the entitlement issue in its prior Opinion and Order (Doc. #42).  A party's statutory entitlement to an award of attorneys' fees is a legal question.[1]  Sanchez v. AN Luxury Imps. of Pembroke Pines, Inc., 216 So. 3d 723, 727 (Fla. 4th DCA 2017)(citation omitted).

There are four express statutory conditions for entitlement to attorney fees involving surplus insurance carriers: (1) "the rendition of a judgment or decree;" (2) "by any court of this state;" (3) "against a surplus lines insurer;" (4) "in favor of any named or omnibus insured."  Fla. Stat. § 626.9373(1).  Each condition has been satisfied in this case.

---

[1] In analyzing the statute, the Court relies upon cases interpreting the statutes nearly identical "twin" — Florida Statutes section 627.428 — which the Court finds to be persuasive authority.

The first requirement – rendition of a judgment or decree – is satisfied by the undersigned's Judgment (Doc. #33) filed on November 13, 2025, confirming the arbitration award. Additionally, even without this formality, Florida courts have allowed recovery of attorney fees in the absence of a literal judgment when an insured obtains the functional equivalent of a confession of judgment or a verdict in favor of the insured. Wollard v. Lloyd's & Cos. of Lloyd's, 439 So. 2d 217, 218 (Fla. 1983); Johnson v. Omega Ins. Co., 200 So. 3d 1207, 1219 (Fla. 2016). Here, there is a literal judgment and an arbitration award which was paid by Sutton. Both satisfy the first requirement of Florida Statutes section 626.9373(1) in this case.

The next two requirements – that the judgment or decree was "by any court of this state" and was "against a surplus lines insurer" – are not disputed. The Judgment was entered by a district court in the Middle District of Florida (Doc. #33) against Sutton, which does not dispute that it is a surplus lines insurance company.

The final express statutory requirement – that the judgment or decree was "in favor of any named . . . insured" – is partially disputed. "A 'named insured' is one who is 'designated as an insured' under the liability policy." Cont'l Cas. Co. v. Ryan Inc. E., 974 So. 2d 368, 374 (Fla. 2008)(citation omitted). It is

-7-

undisputed that Hess was the named insured in the Policy.  (Doc. #1-1, p. 14.)  Sutton, however, disputes that Hess was a prevailing party in the arbitration proceeding and therefore disputes that the judgment was "in favor" of Hess.

Sutton argues that the judgment confirming the arbitration award was not "in favor" of Hess because her assertion that she "prevailed" at arbitration is misleading.  Sutton argues that it was the party who demanded arbitration; that the arbitration was demanded to determine the value of an admittedly covered loss; that Sutton never believed arbitration would result in a finding that it owed no additional money to Hess; that arbitration was not being used to determine coverage, but the amount of loss and its valuation; and that the arbitration panel did not "rule against" Sutton, but just fixed the amount of compensation owed to Hess under the Policy.  Sutton concludes: "Thus, to characterize Plaintiff as the 'prevailing party' in this context is beyond the pale because Sutton Specialty *always* anticipated paying the award and never disputed its obligation to do so once the amount was set."  (Doc. #38, p. 15 (emphasis in original).)

Characterizing Hess as the "prevailing" party at the arbitration proceeding is completely accurate and the resulting judgment was in her favor.  Prior to demanding arbitration, Sutton had paid Hess $262,804.55 under the Policy, but Hess demanded

-8-

significantly more and filed a Notice of Intent to Initiate Litigation. Mediation resulted in an impasse, and the next day Hess filed suit and Sutton demanded arbitration. The arbitration panel found that Sutton owed Hess an additional $236,695.45, which Sutton paid. Hess thus obtain about ninety percent more from Sutton than it had been willing to pay without arbitration. From any reasonable viewpoint, Hess "prevailed" at the arbitration proceeding.

The primary thrust of Sutton's opposition consists of an additional condition not expressly mentioned in the statute. Sutton argues that attorney fees are not awardable here because the lawsuit was not the "necessary catalyst" for the arbitration payment and played no role in causing payment. (Doc. #38, pp. 1-2, 10-15.) Sutton asserts that the claims adjusting process never broke down, the parties worked to resolve the claim within the Policy, Sutton paid Hess $262,804.55 under the Policy, Sutton - not Hess - demanded arbitration, arbitration was granted over Hess's objections, and Sutton quickly paid the arbitration award. (Id. at pp. 4-6, 10-15.)

Sutton cites a number of Florida District Court of Appeals cases for the proposition that attorney fees under Florida Statutes section 626.9373 are recoverable only if the insurer wrongfully withheld payment and the lawsuit was the necessary catalyst to

secure payment.  See, e.g., State Farm Fla. Ins. Co. v. Lime Bay Condo., Inc., 187 So. 3d 932, 935 (Fla. 4th DCA 2016); People's Tr. Ins. Co. v. Polanco, 354 So. 3d 557, 558 (Fla. 4th DCA 2023); People's Tr. Ins. Co. v. Farinato, 315 So. 3d 724, 728 (Fla. 4th DCA 2021).  Other Florida appellate cases have similar holdings. See, e.g., Bryant v. GeoVera Specialty Ins. Co., 271 So. 3d 1013, 1019 (Fla. 4th DCA 2019); Hill v. State Farm Fla. Ins. Co., 35 So. 3d 956, 960 (Fla. 2d DCA 2010); Nationwide Prop. & Cas. Ins. V. Bobinski, 776 So. 2d 1047, 1048-49 (Fla. 5th DCA 2001).

The problem for Sutton is that the Florida Supreme Court has foreclosed this argument.  As the Florida Supreme Court has explained, an insurer's "good faith in bringing this suit is irrelevant.  If the dispute is within the scope of section 627.428 and the insurer loses, the insurer is always obligated for attorney's fees."  Ins. Co. of N. Am. v. Lexow, 602 So. 2d 528, 531 (Fla. 1992).  Similarly, the Florida Supreme Court later stated that "[i]f a dispute arises between an insurer and an insured, and judgment is entered in favor of the insured, he or she is entitled to attorney's fees.  It is the incorrect denial of benefits, not the presence of some sinister concept of 'wrongfulness,' that generates the basic entitlement to the fees if such denial is incorrect."  Ivey v. Allstate Ins. Co., 774 So. 2d 679, 684 (Fla. 2000)(emphasis added).

After some continuing "confusion" in a District Court of Appeal, in 2016 the Florida Supreme Court made it "abundantly clear" "that in the context of section 627.428, a denial of benefits simply means an incorrect denial." Johnson, 200 So. 3d at 1214.  The Court summarized its holding in Ivey "that the existence of a dispute between the insurer and the policyholder coupled with a favorable judgment or payment without judgment for the insured is what justifies an award of attorney's fees." Johnson, 200 So. 2d at 1216.  Johnson concluded: "In sum, the law is clear.  Section 627.428 provides that an incorrect denial of benefits, followed by a judgment or its equivalent of payment in favor of the insured, is sufficient for an insured to recover attorney's fees." Id. at 1219.

Sutton's attempts to portray its invocation of arbitration as anything but the denial of benefits is not persuasive.  Sutton clearly disputed the amount it owed Hess under the policy or else Sutton would not have invoked the arbitration clause.  The Court finds this to be sufficient to serve as an incorrect denial. Accordingly, Hess is entitled to attorney's fees.[2]

---

[2] Since the Court finds Hess is entitled to attorney's fees, Hess may file a supplemental motion as to the amount of attorney's fees within forty-five (45) days of this Opinion and Order. See M.D. Fla. R. 7.01(c).

**C.    Hess    Improperly    Attempts    to    Relitigate    Previous
Arguments Regarding Statutory Interest**

Next, Hess argues the Court committed clear error in denying statutory interest under Florida Statutes section 627.70131. (Doc. #43, p. 10.)  Specifically, Hess contends that State Farm Florida Insurance Company v. Silber, 72 So. 3d 286 (Fla. 4th DCA 2011), is binding precedent on this Court and supports the proposition that so long as "there is a viable independent cause of action" then Hess may seek an award for statutory interest. (Doc. #43, pp. 11-12.)  The Court, however, will not address this argument since Hess advances the same argument presented in her previous motion.  See Exxon Shipping Co. v. Baker, 554 U.S. 471, 485 n.5 (2008).

In reviewing Hess's Motion for Entitlement to Attorney's Fees, Taxable Costs and Statutory Interest (Doc. #35), the Court sees Hess previously presented this same argument.  Specifically, in Hess's Reply (Doc. #41), Hess argued the court's reasoning in Silber did "not apply to this matter," because in Silber the basis of an award for statutory interest was the "sole basis for a private cause of action."  (Doc. #41, p. 5.)  Though Hess makes an

-12-

about face turn to now argue <u>Silber</u> binds this Court, such argument was available to her in the original motion.[3]

Additionally, contrary to Hess's contention, the Court finds no clear error in the application of the law under <u>Silber</u> and <u>Taylor v. State Farm Florida Insurance Company</u>, 388 So. 3d 307 (Fla. 5th DCA 2024).  To be sure, the Court could have clarified the distinction between <u>Silber</u> and <u>Taylor</u> more succinctly, but this shortcoming does not meet the high threshold of manifest error.  Accordingly, Hess's motion is denied as to prejudgment interest.

Accordingly, it is now

**ORDERED:**

(1)  Plaintiff's Motion for Reconsideration of the Court's Opinion and Order [DE 42] (Doc. #43) is **GRANTED IN PART AND DENIED IN PART**.  The Court's Opinion and Order (Doc. #42) is **VACATED IN PART** as to attorney's fees only.

(2)  Hess's Motion for Entitlement to Attorney's Fees, Taxable Costs and Statutory Interest (Doc. #35) is **GRANTED IN PART** as to entitlement to attorney's fees only.  Plaintiff may file a supplemental motion on amount

---

[3]  Further, Hess's novel statutory interpretation arguments are impermissible given that they were available to her in her original motion.

-13-

of attorney's fees within **FORTY-FIVE (45) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___9th___ day of June 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record